# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Ingo Jensen, | Case No.: |
| Plaintiff, | Judge: |
| v. | |
| Global Credit & Collection Corp.<br>c/o CT Corporation System<br>208 S. LaSalle Street, Suite 815<br>Chicago, IL 60604, | **COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT** |
| Defendant. | **JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION, VENUE,

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA) and 15 U.S.C. §1692.

2. Venue is proper because a substantial part of the events giving rise to this claim occurred in this judicial district.

3. Venue is proper because Defendant resides in this judicial district under 28 U.S.C. § 1391.

4. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

## PARTIES

5. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. Plaintiff incurred a "debt" as defined by 15 U.S.C. §1692a(5).

7. At the time of the communications referenced herein, Defendant either owned the debt or was retained by the owner to collect the debt.

8. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## FACTS COMMON TO ALL COUNTS

9. Plaintiff retained an attorney ("Attorney") to resolve his debts.

10. On or about April 13, 2105, Attorney sent a fax to Defendant notifying Defendant that he represented Plaintiff, and provided Attorney's contact information.

11. Despite having notice of Plaintiff's representation, on or around April 22, 2015, Defendant sent a letter to Plaintiff to collect the Debt.

12. Despite having notice of Plaintiff's representation, on or around May 7, 2015, Defendant sent a letter to Plaintiff to collect the Debt.

13. Despite having notice of Plaintiff's representation, on or around May 22, 2015, Defendant sent a letter to Plaintiff to collect the Debt.

14. Despite having notice of Plaintiff's representation, on or around June 8, 2015, Defendant sent a letter to Plaintiff to collect the Debt.

15. Despite having notice of Plaintiff's representation, on or around June 22, 2015, Defendant sent a letter to Plaintiff to collect the Debt.

16. Despite having notice of Plaintiff's representation, on or around July 6, 2015, Defendant sent a letter to Plaintiff to collect the Debt.

17. Despite having notice of Plaintiff's representation, on or around December 8, 2015, Defendant sent a letter to Plaintiff to collect the Debt.

18. Despite having notice of Plaintiff's representation, on or around January 7, 2016, Defendant sent a letter to Plaintiff to collect the Debt.

19. Despite having notice of Plaintiff's representation, on or around January 22, 2016, Defendant sent a letter to Plaintiff to collect the Debt.

20. Despite having notice of Plaintiff's representation, on or around February 8, 2016, Defendant sent a letter to Plaintiff to collect the Debt.

21. Despite having notice of Plaintiff's representation, on or around February 22, 2016, Defendant sent a letter to Plaintiff to collect the Debt.

22. Despite having notice of Plaintiff's representation, on or around March 7, 2016, Defendant sent a letter to Plaintiff to collect the Debt.

23. Defendant damaged Plaintiff.

24. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. Defendant violated 15 U.S.C. §1692c in that it communicated with Plaintiff notwithstanding Plaintiff's notice that Plaintiff was represented by an attorney.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. Defendant violated 15 U.S.C. §1692f by engaging in unfair or unconscionable means to collect a debt.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

1. Plaintiff prays for the following relief:

    a. Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

b. Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

c. Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

d. Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Meier LLC

By: */s/ Richard J. Meier*
Richard J. Meier, Esq.
53 W. Jackson Blvd, Suite 304
Chicago, IL 60604
Tel: 312-242-1849
Fax: 312-242-1841
richard@meierllc.com
*Attorney for Plaintiff*